TayIi'or, Chief-Justice,
 

 delivered the opinion of tin* Court:
 

 The act of 1800, ch. 9, requires Complainants in Equity, who obtain injunctions, to enter into bond with , security, conditioned for the payment of the sum complained of, upon the dissolution of the injunction. The bond given in this case is within the very terms of the act, and the question is, whether the security is liable, the injunction not having been dissolved on the merits, but in consequence of the death of the Complainant. As
 
 *132
 
 the act uses the term
 
 dissolution
 
 in a general sense, it would not be consistent with the ordinary rules of construction, to restrain the meaning to a dissolution on the merits, unless it could be shewn that such only were within the meaning of the Legislature, or that no others were within the mischiefs intended to be guarded against. An abatement arising from the negligence of the Complainant in not suing copies and process in due time, would seem to be clearly within the meaning of the law, when the injunction is dissolved in consequence of such negligence : and this shews at least, that the security undertakes something more than that the Complainant shall substantiate his equity. To proceed a step further : the interposition of the security prevents the Plaintiff from enforcing his judgment at Law, which he might have done, notwithstanding the death of the Defendant: by the security’s means he has lost the power of recovering the debt from the Defendant or his estate: ought not the security then to indemnify him ? Where an appeal is taken from the County to the Superior Court, the condition of the bond is not more obligatory than in the present case, yet the abatement of the suit by the death of the appellant and defect of revival, could scarcely be thought a reason for discharging the security from the bond. If the equity of the bill could have been supported, it might have been done by obtaining administration on the Complainant’s effects, and prosecuting the
 
 suit;
 
 and no one was so much concerned to do this as the security. She has not thought proper to take this step. At all events, the creditor ought not to lose his debt, because it has not been done. Judgment for the Plaintiff.